UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIFFANY (NJ) INC. & TIFFANY AND CO.,

                                    Plaintiffs,                         No. 04 Civ. 4607 (RJS)

        -v-
                                                                        MEMORANDUM AND ORDER
EBAY, INC.,

                                    Defendant.


RICHARD J. SULLIVAN, District Judge:

        Jeweler Tiffany filed this lawsuit against eBay in 2004 for the sale of counterfeit Tiffany

jewelry on eBay's online marketplace.  Tiffany sought relief on theories of direct and contributory

trademark infringement, unfair competition, false advertising, and direct and contributory trademark

dilution.  On July 14, 2008, following a one-week bench trial, the Court issued a lengthy Opinion and

Order finding in favor of eBay on all claims.  *See Tiffany (NJ) Inc. v. eBay, Inc.*, 576 F. Supp. 2d 463,

526-27 (S.D.N.Y. 2008) (*Tiffany I*).   On April 1, 2010, the Second Circuit issued an opinion

affirming the Court's July 14, 2008 ruling except with respect to the false advertising claim, which it

remanded for further consideration.  *See Tiffany (NJ) Inc. v. eBay, Inc.*, 600 F.3d 93, 114 (2d Cir.

2010) (*Tiffany II*).  The Court now takes up that false advertising claim.[1]

---

[1] The Court presumes the parties' familiarity with the facts and legal conclusions set forth in the
Court's July 14, 2008 decision as well as the Circuit's August 1, 2010 ruling and will only discuss
additional facts as necessary.

I. FALSE ADVERTISING UNDER THE LANHAM ACT

Tiffany's false advertising claim is premised on the allegation that, although eBay knew that a substantial portion of Tiffany goods sold on its website was counterfeit, it nevertheless advertised that Tiffany goods were for sale on eBay.  *See Tiffany I*, 576 F. Supp. 2d at 519-20.[2]  The claim is brought pursuant to Section 43(a)(1)(B) of the Lanham Act, which forbids false or misleading descriptions or representations of fact concerning "the nature, characteristics, qualities, or geographic origin of . . . goods, services, or commercial activities."  15 U.S.C. § 1125(a)(1)(B).  A claim for false advertising under the Lanham Act may rest on one of two theories:  (1) that the "'challenged advertisement is literally false, *i.e.*, false on its face,'" or [2] "'that the advertisement, while not literally false, is nevertheless likely to mislead or confuse customers.'"  *Tiffany II*, 600 F.3d at 112 (quoting *Time Warner Cable, Inc. v. DIRECTV, Inc.*, 497 F.3d 144, 153 (2d Cir. 2007)).

When an advertisement is literally false, "the court may enjoin the use of the claim without reference to the advertisement's impact on the buying public."  *McNeil-P.C.C., Inc. v. Bristol-Myers Squibb Co.*, 938 F.2d 1544, 1549 (2d Cir. 1991) (internal quotation marks and citations omitted).  To succeed on a likelihood-of-confusion claim, however, a plaintiff must "'demonstrate, by extrinsic evidence, that the challenged commercials tend to mislead or confuse consumers'" and that "'a statistically significant part of the commercial audience holds the false belief allegedly communicated by the challenged advertisement.'"  *Tiffany II*, 600 F.3d at 112-13 (quoting *Johnson & Johnson ***

---

[2]  Specifically, Tiffany complains of (1) eBay's reference to Tiffany merchandise on its "Jewelry and Watches" page, and (2) its purchase of the "Tiffany" keyword from search engines such as Google so as to indicate the availability of Tiffany merchandise on eBay to those searching for Tiffany goods. *See Tiffany I*, 576 F. Supp. 2d at 519-20.

*Merck Consumer Pharm. Co. v. Smithkline Beecham Corp.*, 960 F.2d 294, 297, 98 (2d Cir. 1992) (*Merck*)).

The Court's July 14, 2008 decision concluded that the advertisements at issue were neither literally false nor likely to mislead consumers. *See Tiffany I*, 576 F. Supp. 2d at 520-21. Although the Court of Appeals agreed that the eBay's advertisements were not literally false, it disagreed with the Court's reasoning as to why they were not likely to mislead or confuse consumers. *See Tiffany II*, 600 F.3d at 113. In so doing, the Court of Appeals noted that a district court evaluating a likely-to-mislead claim must "determine whether extrinsic evidence indicates that the challenged advertisements were misleading or confusing," and remanded the case "for the limited purpose of the district court's re-examination of the false advertising claim in accordance with" its opinion. *Id.* at 114.

For the reasons that follow, and by Plaintiffs' own admission, the Court concludes that there is insufficient evidence in the extensive trial record to support a finding that the "challenged advertisements were misleading or confusing." *Id.* The Court further rejects Plaintiffs' post-appeal argument that the limited remand from the Circuit left open alternative theories of liability under the Lanham Act.

## II. DISCUSSION

### A. The Advertisements Did Not Mislead or Confuse Customers

Where a plaintiff seeks to prove that, while not literally false, an advertisement tended to mislead or confuse customers, it must almost always put foward extrinsic evidence — typically, survey data demonstrating that a substantial portion of consumers were in fact misled. *See Merck*, 960 F.2d at 298; *McNeil-PPC, Inc. v. Pfizer Inc.*, 351 F. Supp. 2d 226, 245 (S.D.N.Y. 2005). In this

case, the parties agree that Tiffany has failed to produce any evidence that measures the effect of eBay's advertisements on the public.  Indeed, Plaintiffs' counsel conceded at oral argument that "[t]here is no evidence in the record that measures consumer reaction to the eBay statement 'Tiffany on eBay.'  So, therefore, there is no ability for you to find that there is a statistically significant portion of consumers surveyed that view the eBay statement as being misled [sic].  So I agree with you that that is not part of the record."  (*See* June 15, 2010 Tr. at 14:25-15:8.)

Plaintiffs cite only three categories of evidence as proof that consumers were actually misled by eBay's advertisements: (1) the declarations of three eBay customers who believed that they bought counterfeit Tiffany goods on eBay, (2) testimony from a Tiffany employee that Tiffany had received numerous emails complaining of counterfeit Tiffany goods on eBay, and (3) 125 emails sent by customers to eBay complaining of counterfeit Tiffany goods.  (Pls.' June 8, 2010 Letter.)  Even this evidence — deficient as it is to show the effect of the advertisements on consumers in general — does not reveal that *any* consumer was misled by eBay's advertisements.  In fact, none of the three declarations submitted by the eBay customers refers to any eBay advertisements for Tiffany goods. (*See* Badert Decl. ¶ 3 (stating that customer came upon the eBay site while looking for "sterling silver charm bracelet" and only later discovered Tiffany goods for sale on the site); Byron Decl. ¶ 3 (stating that customer had gone directly to eBay website to look for Tiffany goods); Lahood Decl. ¶ 3 (same)).  Similarly, neither the declaration of the Tiffany employee, Elizabeth Lange, nor the 125 emails sent by eBay customers refer to any eBay advertisements (*see* Decl. of Elizabeth Lange; Plaintiffs' Exs. 493-645).  Each customer simply complained that he or she had purchased merchandise on eBay that the customer initially believed authentic but later, after receiving the goods, concluded was counterfeit.

Accordingly, the Court concludes that there is no extrinsic evidence indicating that the challenged advertisements were misleading or confusing.

### B. Tiffany's Alternative Theories of Liability Are Foreclosed

After conceding that the extensive factual record could not support an empirical finding that consumers had been misled, Tiffany now argues that eBay engaged in false advertising because either (1) its advertisements necessarily implied that all Tiffany products sold on eBay were genuine or (2) eBay ran its advertisements with an intent to deceive the public about the authenticity of the Tiffany items on its website.

### 1. False by Necessary Implication

The false by necessary implication doctrine, which was adopted by the Second Circuit in *Time Warner Cable, Inc. v. DIRECTV*, requires district courts to "analyze the message conveyed in full context." *See* 497 F.3d at 158 (internal quotation marks omitted). This common-sense doctrine allows a court to conclude that, while no individual statement in an advertisement is false, taken as a whole, the advertisement necessarily implies a falsehood. *Id.* A court can only make a finding that an advertisement is false by necessary implication, however, when the message conveyed is "unambiguous." *Id.* Accordingly, the false by necessary implication doctrine is simply a means of analyzing whether an advertisement is literally false. *See id.* ("Under [the false by necessary implication] doctrine, a district court evaluating whether an advertisement is literally false must analyze the message conveyed in full context." (internal quotation marks omitted)); *Stokely-Van Camp, Inc. v. Coca-Cola Co.*, 646 F. Supp. 2d 510, 525 (S.D.N.Y. 2009) ("Literal falsity claims encompass claims that an advertisement is 'false by necessary implication.'"). Both this Court and the Second Circuit have already concluded that the complained of advertisements are not literally

false.  *See Tiffany II*, 600 F.3d at 113. Accordingly, this portion of Plaintiffs' claim has already been resolved and does not fall within the narrow scope of the Circuit's remand.

### 2. Intent to Deceive

Plaintiffs' final argument rests on the theory that eBay intentionally misled customers with its advertisements.   As noted above, in almost all cases where a plaintiff seeks to prove that an advertisement implicitly misled or confused the public, it must put forth extrinsic evidence of consumer deception.  *See Time Warner*, 497 F.3d at 153.  A single, narrow exception to this rule does, however, exist:  "[W]here a plaintiff adequately demonstrates that a defendant has intentionally set out to deceive the public, and the defendant's deliberate conduct in this regard is of an egregious nature, a presumption arises that consumers are, in fact, being deceived."  *Merck*, 960 F.2d at 298 (internal quotation marks omitted).  The burden then shifts to the defendant to show that consumers were not misled or confused.  *See id.* at 299.

Plaintiffs contend that eBay's intent to deceive was proven at trial by the fact that eBay continued advertising the availability of Tiffany products on its website after it had been notified that a sizable portion of the products were counterfeit.  (Pls.' June 8, 2010 Letter at 3.)  Plaintiffs made this argument for the first time in their June 8, 2010 letter to the Court, having failed to raise it before, during, or after trial, or on appeal.    Accordingly, the Court finds that Plaintiffs have waived this argument.

Even if the Court were to conclude otherwise, however, the record is clear that Plaintiffs failed to prove at trial that eBay "intentionally set out to deceive or mislead consumers."  *See Cashmere & Camel Hair Mfrs. Inst. v. Sacks Fifth Ave.*, 284 F.3d 302, 316 (1st Cir. 2002).  Specifically, Tiffany has failed to present evidence that "rises to the high level" of "egregious

misconduct" required to demonstrate that eBay had an intent to deceive consumers. *See Stokely-Van Camp*, 646 F. Supp. 2d at 527. Although eBay was aware that a portion of the Tiffany's goods sold on its website were counterfeit, *see, e.g., Tiffany I*, 576 F. Supp. 2d at 481-82, 487, nothing in the record indicates that eBay was aware that consumers were being misled by eBay advertisements. In addition, as noted at length in *Tiffany I*, eBay took substantial steps to prevent and detect the sale of counterfeit goods on its website. For example, eBay (1) employed a trust and safety department that, among other things, combats infringement, *see id.* at 476; (2) expended substantial resources on its fraud engine to seek out counterfeiters, *see id.* at 477-78; (3) empowered rights owners to police listings of their products by instituting the Verified Rights Owner Program, *see id.* at 478-79; and (4) allowed rights holders to create "About Me" pages to inform potential buyers about the risks of counterfeit goods, *see id.* at 479. Each of these programs evidences a desire to educate and protect consumers, rather than to dupe them. Accordingly, the Court finds that Tiffany failed to establish that eBay "intentionally set out to deceive the public," much less that eBay's conduct was of an "egregious nature" sufficient to create a presumption that customers were being deceived.

### III. Conclusion

For the foregoing reasons, the Court concludes once again that Plaintiffs have failed to satisfy their burden on the false advertising claim. Accordingly, the Clerk of the Court is respectfully directed to enter judgment on behalf of Defendant on its false advertising claim and to close this case.

SO ORDERED.

DATED:      September 10, 2010
            New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __9/13/10__

7